UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
UNITED STATES OF AMERICA      :
                              :   Crim. No. 22-150 (NLH)
     v.                       :
                              :
LEOTIS FOWLER,                :   OPINION
                              :
          Defendant.          :
_____:
```

**APPEARANCES**:

Leotis Fowler
1200 Marlton Pike East
Apt. 513
Cherry Hill, NJ 08034

     *Defendant pro se*

Alisa Shver
Office Of The U.S. Attorney
401 Market Street – 4th Floor
Camden, NJ 08101

     *Counsel for the United States*


**Hillman**, **District Judge**

     Before the Court is Leotis Fowler's ("Fowler" or 'Defendant") *pro se* motion for early termination of his supervised release term. [Dkt. No. 8.]  Defendant's earlier motion seeking the same relief was denied on April 26, 2022. [Dkt. No. 7].  As before, the Government opposes the motion.

[Dkt. No. 12.]  For the reasons that follow, the motion will be denied.

**Background**

On January 29, 2007, Fowler pled guilty in the Eastern District of Pennsylvania to one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  [Dkt. No. 2-1, 2, 3.]  As a result, the Honorable Stewart Dalzell, U.S.D.J., sentenced Fowler to a 192-month term of imprisonment, followed by a 4-year term of supervised release.  [Dkt. No. 2-3.]  The 192-month term was almost 6 years below the bottom of the advisory guideline range, and, while this Court has the authority to now lower it, the 4-year term of supervised release imposed by Judge Dalzell was the statutory minimum set by Congress under 21 U.S.C. § 841(b)(1)(B) in light of the type and amount of controlled substance involved and was also below the guideline term.

On December 23, 2019, Fowler began serving his 4-year term of supervised release and by all accounts, appears to be doing well under supervision.  On March 17, 2022, Fowler filed a motion for early termination of supervised release.  As noted, this Court denied that motion, citing in part Fowler's extensive criminal history.  In addition to the federal narcotics

2

trafficking conviction that serves as the basis for Fowler's uncompleted term of supervision, Fowler also has several state court felony drug convictions.  Nor was the case before Judge Dalzell his first federal drug trafficking conviction, as he was previously convicted and sentenced in this Court.  For that conviction, he served another lengthy term of incarceration (140 months).  That sentence included a five-year term of supervised release and Fowler was serving that term of supervised release when he committed the offense underlying this conviction. Moreover, Fowler's criminal record was significant enough to qualify him as a career offender under U.S.S.G. § 4B1.1.  As of the date of this opinion, Defendant as served approximately 46 months of his 48-month supervised release term.

Defendant's arguments offered in support of his motion center primarily on his successful reintegration back into society after his release, especially his employment; his full compliance with the terms of his supervision; and his age, which statistics show have a demonstrated effect on the risk of recidivism.  The Government argues that Defendant offers no new arguments since the last time this Court considered his term of supervision and that the same factors that warranted the original minimum term of supervision, and the Court's rejection of his previous attempt to terminate it, have the same force. The Court agrees with the Government.

**Legal Standard**

By statute, this Court may terminate a term of supervised release prior to its expiration after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) at any time after the expiration of one year of supervised release.  Such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)(citing 18 U.S.C. § 3583(e)(1)).

It is Fowler's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  The Court's decision is discretionary after examination of the record as whole and consideration of the relevant statutory factors.  *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.").

Further, in exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of

4

supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* Nonetheless, while such factors are not required "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," as § 3553(a) requires, a reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

Taking into consideration both Fowler's conduct and the interest of justice, the Court concurs with the Government that early termination of supervised release is not warranted.

**Discussion**

1. **The Relevant 3553(a) Factors Weigh Against Early Termination**

As noted, Fowler was sentenced to the minimum period of supervised release as dictated by Congress pursuant to 21 U.S.C. § 841(a)(1)—the full measure of which Fowler has yet to serve. As the Government notes, while the Court applying 18 U.S.C. § 3583(e)(1) may reduce a term of supervised release below the statutory minimum, Congress' choice of such minimums in 21 U.S.C. § 841 is a factor counseling against granting such relief as a discretionary matter. *Cf. United States v. Damon*, 933 F.3d 269, 275 n.3 (3d Cir. 2019). As the Circuit explained in *Melvin*, early termination of supervised release is generally proper only where new or unforeseen circumstances warrant it,

"because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." 978 F.3d at 53.  Here, the Controlled Substances Act reflects a Congressional policy choice of a graduated scheme of mandatory terms of supervised release based on the seriousness of the drug offense at issue. *See* 21 U.S.C841(b)(1)(A)-(C).  Under 18 U.S.C. § 3553(a)(3), the kinds of sentences mandated by statute is an important factor against shortening Defendant's term.

Other § 3553(a) factors also weigh against the relief Defendant seeks.  Early termination would undermine the statutory factors of deterrence, both specific and general, and would lead to unwarranted sentencing disparity.  Defendant was already granted leniency by Judge Dalzell when he was sentenced to a term of incarceration 70 months below the bottom of the Guidelines range and sentenced to the minimum term of supervised release.  In that sense, Fowler's original overall sentence (incarceration plus supervised release) was far below sentences imposed in similar cases.  Given the large amount of cocaine involved in this matter, a sentence below what the Defendant has already received would fail to provide adequate deterrence to this defendant and others, 18 U.S.C. § 3553(a)(2)(B), and would represent an unwarranted sentencing disparity when compared to

sentences of defendants with similar records found guilty of similar crimes.  Id. at § 3553(a)(6).

The need for specific deterrence is particularly pertinent here.  Putting aside whether the crime itself was serious, the Defendant's history and characteristics, a relevant statutory factor (18 U.S.C. § 3553(a)(1)), disfavor early release.  His age notwithstanding, Fowler's prior convictions and incarceration were inadequate deterrents, as was the 5-year term of federal supervised release he was serving at the time of his underlying offense. 18 U.S.C. § 3553(a)(2)(B).  Nor would early termination serve to protect the public from further crimes of the Defendant, who would suffer the threat of revocation of his release if he returned to drug trafficking—a risk that remains given his status as a Guidelines career offender.  18 U.S.C. § 3553(a)(2)(C).

Of course, Fowler's recent compliance with the law and his successful return to society are commendable and his history and characteristics are a relevant statutory factor.  18 U.S.C. § 3553(a)(1).  As the Government has conceded, it appears he is now playing by the rules.  But such compliance is not a new or unforeseen occurrence.  The Court expects defendants to seek and obtain meaningful employment and to be good citizens when they are able upon their return to society.

As one court has noted, if that were enough and every formerly incarcerated defendant who satisfied all the conditions of her or her release received early termination, the exception would swallow the rule.  *United States v. Guilliatt,* Criminal Action No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. 2005); *see also United States v. Lohman*, Case No. 02-CR-219, 2007 WL 1430282, at *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination.").  Here, Fowler's achievements, while laudable, are insufficient alone to warrant early termination.  In sum, after the Court's consideration of the relevant § 3553(a) factors, Fowler has not met his burden of establishing that early termination "is warranted by" his "conduct" and in "the interest of justice" as the statute requires.  18 U.S.C. § 3583(e)(1).

## **Conclusion**

For the reasons set forth above, Defendant's *pro se* Motion to Terminate Supervised Release [Dkt. No. 8] will be denied.

An accompanying Order will issue.


Dated:    10/23/23                /s/  Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.